IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.                           Case No. 08-40032-04 -SAC

MATTHEW COOK,

                Defendant.


MEMORANDUM AND ORDER

This case comes before the court on defendant Matthew Cook's motion to dismiss the indictment or, in the alternative, for a bill of particulars. Defendant contends that the government is incapable of proving its case against him beyond a reasonable doubt, as a matter of law. The government opposes the motion. Having reviewed the briefs and the relevant law, the court finds that no evidentiary hearing is necessary.

Defendant generally relies upon *United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994). There, the Tenth Circuit found the district court has limited jurisdiction to dismiss an indictment pretrial based upon evidentiary issues. It stated:

...we read *Brown* and *Wood* as authority which allows a district court

to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Under this scenario, a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.

*United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir.1994). Defendant omits the Tenth Circuit's concluding line which states: "We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception." *Id.* Here, the operative facts are disputed and the government objects to all, thus the "rare exception" envisioned by the Tenth Circuit is inapplicable.

Defendant contends that count 18, which charges identity fraud, should be dismissed because the fake I.D. he allegedly used has not been located. The government responds that it intends to prove this offense by other evidence. Defendant asserts that "if there is no driver's license as alleged in the indictment, then [defendant] cannot, as a matter of law, have committed the offense of identity theft." The court disagrees. The government's inability to produce the fake I.D. may make increase the difficulty of meeting its burden of persuasion, but does not negate its ability

2

to prove the essential elements of this offense by other means.

Additionally, the government's ability to prove its case without possession

of the I.D. is facilitated by its charge that defendant Cook aided and abetted

this offense. *See* Counts 2-4, citing 18 U.S.C. § 2.

Defendant additionally asserts that counts 2, 3, and 4, which allege

bank fraud, should be dismissed because they allege that defendant

received cash in exchange for counterfeit checks. Defendant Cook

concedes that discovery shows that he used counterfeit checks at area

businesses in order to pay for merchandise. (Dk. 159). Defendant denies,

however, that he cashed checks, and alleges that if he did not cash the

checks, "then he cannot, as a matter of law, have committed the offense of

bank fraud." Dk. 159, p. 6. Again, the court disagrees, as check cashing is

not an element of bank fraud, *see* 18 U.S.C. §1344, *see United States v.

Swanson*, 360 F.3d 1155, 1161 (10th Cir. 2004); *United States v. Akers*,

215 F.3d 1089 (10th Cir.), *cert. denied*, 531 U.S. 1023 (2000). Although the

indictment alleges that the scheme to defraud was executed by "generating

counterfeit checks on a personal computer and having the checks

presented and cashed as though the instruments were genuine and of a

monetary value as displayed on each check," Dk. 1, p. 13, it is well

3

established that a crime alleged in an indictment in the conjunctive may thereafter be proven in the disjunctive. *United States v. McGehee*,177 Fed.Appx. 815 (10th Cir. 2006) (May 2, 2006), *cert. denied*, __ U.S. __, 127 S.Ct. 1903, 167 L.Ed.2d 385 (2007). Defendant may be convicted of bank fraud without proof of cashing.

In the alternative, defendant requests a transcript of the grand jury proceedings so that he can "explore the apparent likelihood that the grand jury indicted despite the complete absence of evidence required for an indictment. If there was no evidence of a fake I.D. or no evidence of [defendant] cashing a check, then the grand jury could not have properly returned an indictment." Dk. 159, p. 8. This request is denied for the same reasons stated above, and because defendant has not met his burden to show a particularized need for the transcripts. *See Dennis v. United States*, 384 U.S. 855 (1966); *In re Grand Jury*, 118 F.3d 1433 (10th Cir. 1997).

Defendant next moves the court to dismiss the conspiracy count, count 1. Defendant believes that "because the conduct of the defendant, as a matter of law, cannot establish a finding of guilt for the substantive counts [bank fraud or identity fraud] it cannot as a matter of law, establish guilt of conspiracy to commit the substantive counts." Dk. 159, p. 8. This too, is

4

incorrect. "Consistency in the verdict is not necessary." *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *see also United States v. Powell,* 469 U.S. 57, 62-64, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (reaffirming rule established by *Dunn*). Thus a person can properly be found guilty of a conspiracy to commit an offense, yet be acquitted of having committed the substantive offense itself. *See United States v. Jaynes,* 75 F.3d 1493, 1508-09 (10th Cir.1996)*; United States v. Swafford*, 766 F.2d 426, 429 (10th Cir.1985); *United States v. Horn*, 946 F.2d 738, 745 (10th Cir.1991). Conspiracy is an independent crime whose elements are not dependent upon proof of the elements of the underlying charge, *See United States v. Felix*, 503 U.S. 378, 379, 112 S.Ct. 1377, 1379 (1992) (A substantive crime and a conspiracy to commit that crime are not the "same offense," even if they are based on the same underlying incidents, because the "essence" of a conspiracy offense "is in the agreement or confederation to commit a crime," *Bayer, supra*, 331 U.S., at 542, 67 S.Ct., at 1399).

Defendant Cook next requests a bill of particulars specifying the following: 1) what type of "identification document" he is alleged to have used with respect to identity fraud; 2) the "means of identification" that he

used to pass the counterfeit checks; 3) the exact locations where he presented the checks for cash; and 4) which subsection of the bank fraud statute he is charged with. Defendant contends that the discovery provided does not allow for adequate trial preparation, as it contains no evidence showing that he ever used a Kansas driver's license showing his picture with another person's personal information in cashing checks.

The government responds that the type of document the defendant used, the means of identification he used, and the locations where he passed checks are all revealed in discovery already provided to him, as is all the information the government possesses concerning the defendant's activities in passing his counterfeit checks. The court finds the indictment to be sufficiently specific and agrees that no purpose would be served in requiring a bill of particulars.

Defendant correctly asserts that the indictment fails to specify whether he is charged under subsection 1 or 2 of 19 U.S.C. § 1344, and correctly notes that these are distinctly different offenses. Defendant desires to know which subsection he is alleged to have violated. To this, the government responds solely, "this information is found in the indictment itself." Dk. 165, p. 26.

6

The relevant statute provides:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C.A. § 1344.

The offenses under §§ 1344(1) and (2) are distinctly different offenses. *See United States v. Cronic*, 900 F.2d 1511, 1513 (10th Cir.1990) ("Although largely overlapping, a scheme to defraud, and a scheme to obtain money by means of false or fraudulent pretenses, representations, or promises, are separate offenses.").  The Tenth Circuit has held that:

> [e]ach crime requires a defendant first to knowingly execute a scheme or artifice. To convict a defendant of a crime under subsection (1), the government would have to prove the scheme defrauded the financial institution. To convict a defendant under subsection (2), the government would have to prove the scheme enabled the defendant to obtain certain property " by means of false or fraudulent pretenses, representations or promises."

*United States v. Swanson*, 360 F.3d 1155, 1162 (10th Cir.2004) (quoting *United States v. Bonnett*, 877 F.2d 1450, 1453-54 (10th Cir.1989)).

A subsection (1) offense - a scheme to defraud - focuses upon intent

7

and does not require a false representation.

> The offense of a scheme to defraud focuses on the intended end
> result, not on whether a false representation was necessary to effect
> the result. Schemes to defraud, therefore, may come within the scope
> of the statute even absent an affirmative misrepresentation. (Citations
> omitted)

*United States v. Cronic*, 900 F.2d 1511, 1513 -1514 (10th Cir.1990). A

misrepresentation may, however, constitute sufficient evidence of intent to

defraud*. United States v. McDonald*, 209 Fed.Appx. 748, 751, 2006 WL

3634376, 2 (10th Cir. 2006), citing *United States v. Young*, 952 F.2d 1252,

1255-57 (10th Cir.1991).

A subsection (2) offense - a scheme to obtain money by means of

false or fraudulent pretenses, representations, or promises- on the other

hand, focuses on the means by which money was obtained. *Cronic*, 900

F.2d at 1514. False or fraudulent pretenses, representations or promises

are an essential element of the crime. *See Bonnett*, 877 F.2d at 1453-54.

The elements of an offense under § 1344(2) are:

> (1) that the defendant knowingly executed or attempted to execute a
> scheme ... (ii) to obtain property by means of false or fraudulent
> pretenses, representations or promises; (2) that defendant did so with
> intent to defraud; and (3) that the financial institution was then
> insured by the Federal Deposit Insurance Corporation.

*United States v. Akers*, 215 F.3d 1089, 1100 (10th Cir. 2000). Under §

1344(2), it is a crime to obtain funds within the control of a financial

institution by means of a false representation, even if the bank does not

suffer an actual pecuniary loss. *United States v. Sapp*, 53 F.3d 1100, 1103

(10th Cir.1995), *cert. denied*, 516 U.S. 1082 (1996). It is sufficient for the

government to show that by executing or attempting to execute the scheme

alleged in the Indictment, the defendant placed the bank at a risk of loss

and that the bank did not knowingly accept such a risk. *McDonald*, 209

Fed.Appx. at 752.

The indictment in the present case does not cite to either subsection,

but its language invokes both. It charges defendant Cook with bank fraud in

Counts 2 - 4,[1] stating in relevant part:

> ...the defendants named below knowingly executed a scheme to
> defraud and to obtain money owned by and under the custody and
> control of financial institutions whose deposits were then insured by
> the Federal Deposit Insurance Corporation, namely the institutions
> set forth below, for the corresponding amounts, by means of material
> false and fraudulent pretenses and representations, namely
> generating counterfeit checks on a personal computer and having the
> checks presented and cashed as though the instruments were
> genuine and of a monetary value as displayed on each check:
> [dates, names of defendants, names of banks, and amounts of loss
> itemized]
> in violation of Title 18, United States Code, Section 1344, with
> reference to Title 18, United States Code, Section 2.

---

[1]He is also charged with conspiracy (Count 1) and identity fraud or
theft (Count 18).

9

Dk.1, p. 13-15.

This indictment against defendant Cook thus charges both a scheme to defraud, in violation of subsection 1, and a scheme to obtain money by false pretenses, in violation of subsection 2. Generally, an indictment which conjunctively charges two or more offenses in the same count is duplicitous. *See United States v. Haber*, 251 F.3d 881, 888 (10th Cir.), *cert. denied*, 534 U.S. 915 (2001).

> However, [the Tenth Circuit] has determined that when both a scheme to defraud and to obtain money are charged in one indictment or in a single count and are connected in the conjunctive, they are not duplicitous, and it will suffice to prove any one or more of the charges. *See Troutman v. United States*, 100 F.2d 628, 631 (10th Cir.1938); *see also Kitchens v. United States*, 272 F.2d 757, 760-61 (10th Cir.1959) (holding "if a statute embraces several separate and distinct acts as a crime, an ... indictment in the language of the statute alleging more than one of the statutory offenses is not duplicitous, if pleaded in the conjunctive"). Moreover, we have held that even if duplicity were an issue, any perceived problem in charging both a scheme to defraud and to obtain money by false pretenses may be cured by a jury instruction explaining unanimous agreement must be reached that the government proved, beyond a reasonable doubt, at least one or the other-i.e., either a scheme to defraud or to obtain money by false pretenses. *See United States v. Trammell*, 133 F.3d 1343, 1354-55 & n. 2 (10th Cir.1998). Even when a unanimity instruction is not given with respect to the wire fraud statute, we have held, "[w]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... [a general] verdict stands if the evidence is sufficient with respect to any one of the acts charged." *United States v. Fredette*, 315 F.3d 1235, 1243 (10th Cir.2003) (quoting *United States v. Haber*, 251 F.3d 881, 889 (10th Cir.2001)).

10

*United States v. Lefebvre*, 189 Fed.Appx. 767, 772-773, 2006 WL 2053773, 5 (10th Cir. 2006).

No basis for dismissal or for a bill of particulars exists. While every accused has the right to be informed of the nature and cause of the accusations filed against him in a timely manner, *see Hunter v. State of New Mexico*, 916 F.2d 595, 598 (10th Cir.1990) (per curiam), *cert. denied*, 500 U.S. 909 (1991), defendant Cook, by this indictment, is receiving ample notice that the government intends to prove both a scheme to defraud and a scheme to obtain money by false pretenses. The indictment, which sets forth the elements of each subsection in the disjunctive, is legally sufficient.

IT IS THEREFORE ORDERED that defendant Cook's motion to dismiss, or in the alternative, motion for bill of particulars (Dk. 159) is denied.

Dated this 5th day of January, 2009.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge